UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STEVEN RAY DELACRUZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. G-12-30 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Before the Court is the application of Steven Ray DeLaCruz (TDCJ #1482732) for the issuance of a writ of habeas corpus. The petitioner challenges disciplinary case no. 20110266295, in which he was found guilty of possessing or using tobacco. Punishment for the offense consisted of a loss of 45 days commissary and recreation privileges; 90 days phone and contact visit restriction; 180 days medium custody confinement; and a reduction in custody level from G1-G4. The petitioner seeks restoration of lost good-time credit and of his previous time-earning custody level. Having reviewed the petitioner's application, the Court concludes that the application must be dismissed with prejudice for failure to state a claim for which federal relief is available.

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. §2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). In the context of disciplinary proceedings, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See*

*Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Institutional rules violations implicate the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). The Due Process Clause does not grant a constitutional right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Likewise, the Due Process Clause does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff*, 418 U.S. at 557; *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

In determining whether state law gives rise to a liberty interest, the Supreme Court has decided that only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487; *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned. *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007).

The sanctions imposed in this case do not implicate the petitioner's constitutional rights because the petitioner lost no good-time days. A loss of good-time days, which

may affect a prisoner's eligibility for early release from prison, constitutes a potential challenge to the fact and duration of confinement and is properly considered in a habeas attack. *See* TEX.CODE. CRIM. P.ANN. art. 42.18 §8 (Vernon 1996); *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept*. 37 F.3d 166, 168 (5th Cir. 1994). In this case, however, the petitioner suffered only a temporary loss of privileges which merely constitutes minimal and temporary changes in conditions of confinement and does not, therefore, implicate the protections afforded by the Due Process Clause. *See Madison,* 104 F.3d at 767-68. A claim regarding a change in custodial classification also fails to qualify for habeas relief because the loss of "the mere opportunity to earn good-time credits" does not constitute a constitutionally cognizable liberty interest sufficient to "trigger the protection of the Due Process Clause." *Luken v. Scott,* 71 F.3d 192, 193 (1995), *cert. denied*, 517 U.S. 1196 (1996).

To the extent the petitioner's claims are interpreted to assert that the challenged disciplinary proceeding will adversely affect his eligibility for parole, he still has not stated a claim that invokes due process. While procedures relative to parole may affect an inmate's duration of confinement, it is well settled that the Texas parole statutes do not confer a liberty interest. "It follows that because [the petitioner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). Therefore, to whatever extent the challenged disciplinary proceedings affect the petitioner's eligibility for parole, his due process rights have not been violated. The petitioner has failed to state a claim that is cognizable under

federal habeas review.  *See Madison*, 104 F.3d at 767; *see also Sandin*, 515 U.S. at 483-484.

Accordingly, it is the **ORDER** of this Court that petitioner's application for writ of habeas corpus is **DENIED** and this case is **DISMISSED** with prejudice for failure to state a claim upon which federal habeas relief is available.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. §2253, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision to dismiss his petition. This Court will grant a certificate of appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In order to make a substantial showing, a petitioner must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.  *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998).  For the reasons stated in this Memorandum and Order, Landry has not made a substantial showing of the denial of a constitutional right.  *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996).  The Court will deny the issuance of a Certificate of Appealability.

The Court **ORDERS** the following:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody is **DISMISSED** with prejudice.

2. A Certificate of Appealability is **DENIED.**

    3.    All pending motions, if any, are **DENIED.**

        SIGNED this 6th day of July, 2012.

                                            _____
                                                  Gregg Costa
                                            United States District Judge